FILED - GR
August 9, 2022 11:50 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc  SCANNED BY: JW /8-10

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**399 Federal Bldg, 110 Michigan St NW, Grand Rapids MI 49503   PHONE: (616) 456-2381**

Thomas Joseph Deleon SR, (PRO SE PLAINTIFF)
P.O. BOX 90022
WYOMING, MI 49509
(616)-309-3186

**1:22-cv-715**
**Phillip J. Green**
**U.S. Magistrate Judge**

VS

UNDER HONORABLE:_____

CASE NUMBER:_____

County of Kent, Michigan;
Jeffrey J. Ohara; Michael J. Milroy;
Kent County Correctional Facility
Individually and as agents of County of Kent, Michigan

Defendants.

**PLAINTIFF DEMANDS A JURY TRIAL**

### COMPLAINT AT LAW

NOW COMES the Plaintiff, THOMAS DELEON, ("Plaintiff"), by IN PRO PER OR IN PRO SE; THOMAS JOSEPH DELEON SR, complains Defendants The COUNTY OF KENT; Judge Jeffrey J. Ohara individually and as an agent of Kent County; Magistrate Michael J. Milroy individually and as an agent of Kent County; and pleading hypothetically and in the alternative, states as follows:

### JURY DEMAND

1. Plaintiff THOMAS JOSEPH DELEON SR, hereby demands a trial by jury.

1

## INTRODUCTION

2. Plaintiff, THOMAS DELEON, brings this suit for a violation of Plaintiff's rights under the 1st, 5th, 6th, 8th, 13th and 14th Amendments of the United States Constitution and violations of the Michigan Constitution of 1963 Art. I, § 2, Art. I, § 16, art 1, § 17, art 1, § 20, Art. I, § 21, Art. I, § 23, Art. I, § 24, under Michigan State Law, and Federal Law and brings this action pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, 18 USC Section 242, 18 USC Section 249.

3. This cause of action arises out of the unconstitutional treatment of Plaintiff while incarcerated at Kent County Correctional Facility and denial of Court Appointed Counsel on 4/26/17 and between 6/07/17 and 6/23/17.

4. This cause of action arises from those injuries caused between 4/27/17 and 7/27/18 by Defendants Kent County Correctional Facility's, Magistrate Michael J Milroy's and Judge Jeffrey J. O'hara's individual and deliberate indifference, willful and wanton conduct, and intentional acts as set forth herein.

5. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiff THOMAS DELEON's rights as secured by the United States Constitution.

6. This cause of action is for Injunctive and Declaratory Relief pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and related state law claims against Defendants COUNTY OF KENT, MAGISTRATE MICHAEL J. MILROY, JUDGE JEFFREY J. OHARA INDIVIDUALLY.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§1331, and 1343, as well as supplemental jurisdiction over related state law claims pursuant to

28 U.S.C. §1367(a), as those state law claims arise from the same case or controversy as the federal questions in this matter, specifically 42 U.S.C. §1983, 42 U.S.C. §1988, 18 USC Section 242, 18 USC Section 249.

8. Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial portion of the incidents, events, occurrences, and omissions giving rise to this action occurred in the Western District of Michigan.

## PARTIES

9. At all times relevant hereto Plaintiff THOMAS JOSEPH DELEON SR, was a citizen of the United States and resident of the State of Michigan.

10. At all times relevant hereto, Defendant COUNTY OF KENT was a municipality, organized and existing by and under the laws of the State of Michigan.

11. At all times relevant hereto, Defendant COUNTY OF KENT operated a certain Court known as the 63rd District Court.

12. At all times relevant hereto, Defendant COUNTY OF KENT operated a certain Correctional Facility known as KENT COUNTY CORRECTIONAL FACILITY.

13. At all times relevant hereto, Defendant COUNTY OF KENT was acting under color of state law.

14. Upon information and belief, at all times relevant hereto, Defendant MICHAEL J. MILROY resided in the Western District of Michigan and was employed/elected by Defendant COUNTY OF KENT as a Magistrate.

15. Upon information and belief, at all times relevant hereto, Defendant JEFFREY J. OHARA resided in the Western District of Michigan and was employed/elected by Defendant COUNTY OF KENT as a CHIEF JUDGE of the 63RD DISTRICT COURT.

16. At all times relevant to this complaint, Defendants MICHAEL J. MILROY, and JEFFREY J. OHARA were acting under color of state law and their conduct constituted state and federal action.

## STATEMENT OF FACTS

17. The Plaintiff was charged and arrested for Possession of Marijuana on 2/20/17.

18. The Plaintiff was arraigned on such charge 3/22/17. Plaintiff Posted $100 bond.

19. A Pre-Trial was generated 3/23/17 for 4/18/17. The Plaintiff missed that hearing.

20. On 4/19/17 the 63rd court received a call from the Plaintiff, in which he was advised to come in at 1:30 to be seen on his warrant and he could not because he was seeing the dentist at that time.

21. On 4/26/17 a Video Contempt hearing was held in which the Plaintiff orally requested a court appointed attorney and filed a request and was denied that request while in jail and was released on bond.

22. Plaintiff failed to appear for pre-trial 5/09/17.

23. On 6/07/17 Plaintiff was arrested by Rockford Police detained by his warrant for failure to appear with no additional charges. Plaintiff was Arrested that Wednesday, but was not arraigned until tuesday 6/13/12. In which Plaintiff Pleads Not Guilty. Cash only bond of $500 was set. Plaintiff told the judge he could not afford counsel and requested court appointed counsel and was again denied. The Plaintiff then requested to withdraw his plea orally and plead guilty, Judge OHARA told the Plaintiff ``You cannot base your plea on weather or not your going to jail", and " If you would like to withdraw your plea I will see you tomorrow and you can withdraw your plea". Plaintiff did not see any judge until Judge Molenski after that on 6/23/17. In which the Plaintiff was released on a lowered $1000 personal recognizance bond.

24. Plaintiff incurred $2,112 in total court costs and state fees for the totality of the proceedings and the possession of marijuana on his record.

25. Plaintiff THOMAS JOSEPH DELEON SR, continues to suffer from acute anxiety and depression as a result of his mistreatment and vicious violations of civil rights.

26. Plaintiff THOMAS DELEON was and continues to be severely emotionally distressed and affected by the violation of civil rights, disregard for medical issues, and the courts "assembly line" style of re-hearings on pre-trial exacerbating the Plaintiff until he cant appear rather than ensuring his right to speedy trial.

## CLAIMS FOR RELIEF

### COUNT I–§1983–Violation of Fourteenth Amendment Rights
### (THOMAS JOSEPH DELEON SR v. MICHAEL J MILROY)

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 with the same force and effect as if fully set out in specific detail herein below.

28. Plaintiff THOMAS JOSEPH DELEON SR had a constitutional right to be free of unlawful deprivation of liberty and civil rights.

29. At all times relevant to this complaint, Defendant MAGISTRATE MICHAEL J MILROY was employed by Defendant COUNTY OF KENT. All actions performed by Defendant MAGISTRATE MICHAEL J MILROY were done under color of state law and constitute state action.

30. Defendant MAGISTRATE MICHAEL J. MILROY knowingly denied Plaintiff of his Constitutional and Civil Rights.

31. The Violations of Constitutional Rights and Civil Rights inflicted upon Plaintiff THOMAS JOSEPH DELEON SR, included, but was not limited to Violation of the 6th United States Constitutional Amendment Right to Court Appointed Counsel, and 8th Constitutional

Amendment Right of Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted and amounted to an unnecessary and wanton infliction of emotional distress and pain.

32. Defendant MAGISTRATE MICHAEL J. MILROY was aware that Plaintiff THOMAS J. DELEON faced a substantial risk of serious injury and or bodily harm through his actions.

33. Defendant MAGISTRATE MICHAEL J. MILROY acted with deliberate indifference to the substantial risk of injury or serious bodily harm to Plaintiff THOMAS JOSEPH DELEON SR, including keeping the Plaintiff separated from his civil liberties like taking medication for a Fatal Condition.

34. The effect of the abuse and the failure to remedy the abuse, as outlined above, deprived Plaintiff THOMAS JOSEPH DELEON SR, of his statutory and constitutional rights granted by the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983.

35. As a result of Defendant MAGISTRATE MICHAEL J. MILROY's deliberate indifference to the incident of serious bodily harm, including separation from his medicine, inflicted on Plaintiff THOMAS DELEON, Plaintiff suffered physical pain injury, severe emotional and mental distress, humiliation, degradation, and loss of a normal life.

36. Moreover, as a result of Defendant MAGISTRATE MICHAEL J. MILROY's conduct, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees

pursuant to 42 USC § 1988, 18 USC Section 242, 18 USC Section 249 and any additional law this court deems fit.

37. WHEREFORE, Plaintiff THOMAS JOSEPH DELEON SR, demands judgment against Defendant MAGISTRATE MICHAEL J. MILROY for damages, costs, disbursements, attorney's fees, interests, and for any further relief, if this Court deems it fair and just.

### COUNT II-§1983--Violation of Fourteenth Amendment Rights
### (THOMAS JOSEPH DELEON SR v. JEFFREY J. OHARA)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 with the same force and effect as if fully set out in specific detail herein below.

39. Plaintiff THOMAS JOSEPH DELEON SR had a constitutional right to be free of unlawful deprivation of liberty and civil rights.

40. At all times relevant to this complaint, Defendant JUDGE JEFFREY J. OHARA was employed by Defendant COUNTY OF KENT. All actions performed by Defendant JUDGE JEFFREY J. OHARA were done under color of state law and constitute state and federal action.

41. Defendant JUDGE JEFFREY J. OHARA knowingly denied Plaintiff of his Constitutional and Civil Rights.

42. The Violations of Constitutional Rights and Civil Rights inflicted upon Plaintiff THOMAS JOSEPH DELEON SR, included, but was not limited to Violation of the 6th United States Constitutional Amendment Right to Court Appointed Counsel and 8th Constitutional Amendment Right of Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted and amounted to an unnecessary and wanton infliction of emotional distress and pain; 5th Amendment right to equal protection of the law; 13th amendment right to be free of slavery and or involuntary servitude.

43. Defendant JUDGE JEFFREY J. OHARA was aware that Plaintiff THOMAS J. DELEON faced a substantial risk of serious bodily harm through his actions.

44. Defendant JUDGE JEFFREY J. OHARA acted with deliberate indifference to the substantial risk of serious bodily harm to Plaintiff THOMAS JOSEPH DELEON SR, including keeping the Plaintiff separated from his medication for a Fatal Condition.

45. The effect of the abuse and the failure to remedy the abuse, as outlined above, deprived Plaintiff THOMAS JOSEPH DELEON SR, of his statutory and constitutional rights granted by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

46. As a result of Defendant JUDGE JEFFREY J. OHARA's deliberate indifference resulted in the incident of serious bodily harm, including separation from his medicine, inflicted on Plaintiff THOMAS JOSEPH DELEON SR, Plaintiff suffered physical pain injury, large hives head to toe, in welts and wheels, severe emotional and mental distress, humiliation, degradation, and loss of a normal life.

47. Moreover, as a result of Defendant JUDGE JEFFREY J. OHARA's conduct, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

48. WHEREFORE, Plaintiff THOMAS JOSEPH DELEON SR, demands judgment against Defendant JUDGE JEFFREY J. OHARA for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

## COUNT III-§1983-Monell
### (THOMAS JOSEPH DELEON SR vs. COUNTY OF KENT)

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 with the same force and effect as if fully set out in specific detail herein below.

50. Plaintiff DELEON had a constitutional right to be free from unlawful harassment, abuse, risk of bodily injury, bodily injury, rejection of proper treatment for bodily injury while in the custody of the COUNTY OF KENT CORRECTIONAL FACILITY.

51. At all times relevant to this complaint, Defendants JUDGE JEFFREY J. OHARA and MAGISTRATE MICHAEL J. MILROY were employed by Defendant COUNTY OF KENT. All actions performed by Defendants JUDGE JEFFREY J. OHARA and MAGISTRATE MICHAEL J. MILROY were done under color of state law and constitute state and federal action.

52. At all relevant times, the employees, agents, and/or officers or magistrates or judges of Defendant COUNTY OF KENT, including Defendants MILROY and OHARA, were acting pursuant to an expressly adopted official policy or a longstanding and widespread practice or custom of the Defendant COUNTY OF KENT.

53. Upon information and belief, Defendant COUNTY OF KENT, including its agents, employees, and/or officers, and or magistrates and or judges together with other COUNTY OF KENT policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and/or policies:

a. Failing to properly train Officers/Deputies, Magistrates, Judges of the COUNTY OF KENT Correctional Facility on not committing and preventing any discrimination to the regard of medicine needed by a inmate to survive;

b. Failing to properly train Officers/Deputies, Magistrates, Judges, of the COUNTY OF KENT to properly screen and or diagnose people with pre-existing conditions; or administering their Jurisdiction and duties to make sure the Plaintiff had appointed representation before incarceration; as the Plaintiff was not even allowed to see any medical official upon initial processing of incarceration, nor ever administered his prescribed medication which can result in Plaintiff's Death if not taken within 7 days. The Plaintiff barely survived the incarceration with his life.

c. Failing to properly train Officers/Deputies, to understand and recognize the rights of inmates to use the Law Library;

d. Failing to properly train Officers/Deputies, to understand and recognize the rights of inmates to use of the Public Notary;

e. Failing to properly train officers/deputies to understand and recognize the rights of inmates to use of a free phone call;

f. Failing to properly train officers/deputies to understand and recognize the rights of inmates to use the mail system.

g. Failing to properly train officers/deputies of the COUNTY OF KENT Correctional Facility on the lawfulness of detentions;

h. Failing to properly supervise detainees in the custody of COUNTY OF KENT;

i. Failing to properly supervise the correctional officers employed by COUNTY OF KENT.

j. Failing to discipline Officers/Deputies, Magistrates, Judges who create threats to inmate safety.

k. Failing to implement a warning system to prevent abuse and unlawful actions among officers/deputies of the COUNTY OF KENT Correctional Facility and its detainees;

54. Moreover, the actions of COUNTY OF KENT created and/or increased the particular risk that Plaintiff, and other citizens taken into the custody of COUNTY OF KENT and its Officers/Deputies, would be exposed to acts of civil rights violations by COUNTY OF KENT Officers/Deputies.

55. The employees, agents and/or officers of Defendant COUNTY OF KENT deprived Plaintiff THOMAS JOSEPH DELEON SR, of his rights, privileges, and immunities secured by the Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments of the United States Constitution, including the right to be free from unlawful actions or cruel and unusual punishment, the right to counsel in all criminal proceedings in which liberty is effected.

56. Defendant COUNTY OF KENT had actual and/or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having knowledge of the above, the Defendant condoned, tolerated and through its own actions or inactions thereby ratified such policies. Defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff.

57. The policies, customs, and practices of Defendant COUNTY OF KENT described in this complaint were the moving force behind Defendant Deputies/Officers' actions in allowing

Plaintiff THOMAS DELEON to be separated from his medicine in which he needs to survive, denied court appointed counsel and use of any phone, at any time, and use of public notary and mail system, and use of the law library.

58. Moreover, as a result of Defendant COUNTY OF KENT's conduct, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988. WHEREFORE, Plaintiff THOMAS DELEON demands judgment against Defendant COUNTY OF KENT for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

## COUNT IV- VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT
### (DELEON v. COUNTY OF KENT and MICHAEL J. MILROY and JEFFREY J. OHARA)

59. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 with the same force and effect as if fully set out in specific detail herein below.

60. Plaintiff THOMAS JOSEPH DELEON SR, was subjected to unwelcome violations of civil rights, harassment and deprivation of many liberties by Defendants due to Familial Status, race or color, and or some sort of prejudice with intent of malice, without charges or hearing in violation of Michigan's Elliott-Larsen Civil Rights Act.

61. Defendants' conduct constituted Discrimination as defined under the Elliott-Larsen Act.

62. Defendants have engaged in series of harassment and discrimination of Plaintiff including but not limited to Discrimination of Sex and or Race and or indigence and or Familial Status, in violation of the equal protection guaranteed by the Elliott-Larsen Act.

63. Defendant COUNTY OF KENT, with notice and knowledge of the aforementioned statutory deprivations, failed to investigate or discipline officers, deputies, Magistrates or Judges.

64. Such failure constituted a deliberate indifference to Plaintiff's rights.

65. As a result of Defendants' actions, Plaintiff was denied access to public services as a result of his sex and or race and or indigence and or familial status.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (DELEON v. COUNTY OF KENT and MICHAEL J. MILROY and JEFFREY J. OHARA)

66. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 with the same force and effect as if fully set out in specific detail herein below.

67. On April 26, 2017 and all relevant times thereafter, Defendants MICHAEL J. MILROY, and JEFFREY J. OHARA acting as duly authorized agents of Defendant COUNTY OF KENT willfully and wantonly inflicted emotional distress on Plaintiff, at the aforesaid location.

68. On April 26, 2017 and all relevant times, Defendants MICHAEL J. MILROY, and JEFFREY J. OHARA owed a duty to Plaintiff to refrain from willful and wanton misconduct, including the deliberate infliction of emotional distress, during the performance of their duties as a COUNTY OF KENT Magistrate and COUNTY OF KENT Judge.

69. Defendants MICHAEL J. MILROY, and JEFFREY J. OHARA knew or should have known that their actions, including denial of court appointed counsel to an indigent party, had a significant probability of causing the Plaintiff severe emotional distress.

70. At all times material, Defendants MICHAEL J. MILROY, and JEFFREY J. OHARA acted willfully and wantonly, extremely and outrageously, and with deliberate and conscious disregard for Plaintiff.

71. As a proximate result of Defendants MICHAEL J. MILROY's, and JEFFREY J. OHARA's actions, Plaintiff has sustained posttraumatic stress disorder, and anxiety that causes flairs of chronic idiopathic urticaria, which the Plaintiffs Diagnosing Primary care physician has linked to stress. Continual immunotherapy is required to keep the hives at bay from emotional stress, which also causes the Plaintiff to have to take sedatives to reduce fear and anxiety from his everyday life.

## COUNT VI - 18 U.S.C. SECTION 242
### (DELEON VS JEFFREY J. OHARA and MICHAEL J. MILROY)

72. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 with the same force and effect as if fully set out in specific detail herein below.

73. The Defendants JEFFREY J. OHARA and MICHAEL J. MILROY were made aware of the Plaintiffs indigency in the particular case in controversy, in all proceedings of this case.

74. The Defendants JEFFREY J. OHARA and MICHAEL J. MILROY both willfully and wantonly, deprived Plaintiff under color of law his United States 5th, 6th, 8th, 13th and 14th Constitutional Amendment rights, which are all individually "acts outside their jurisdiction". The unlawful acts were done while such officials were purporting or pretending to act in the performance of their official duties.

75. The Defendants JEFFREY J. OHARA and MICHAEL J. MILROY both willfully and Wontonly Denied Plaintiff of Michigan 1963 Constitutional rights specifically article 1 sections § 2 Equal protection; discrimination, § 13 Conduct of suits in person or by counsel, § 16 Bail; fines; punishments; detention of witnesses, § 17 Self-incrimination; due process of law; fair treatment at investigations, § 20 Rights of accused in criminal prosecutions, § 21 Imprisonment

for debt, § 23 Enumeration of rights not to deny others, § 24 Rights of crime victims; enforcement; assessment against convicted defendants; which are all individually "acts outside their jurisdiction". The unlawful acts were done while such officials were purporting or pretending to act in the performance of his/her official duties.

76. The Defendants JEFFREY J. OHARA and MICHAEL J. MILROY willfully subjected the Plaintiff to unlawful actions that resulted in bodily harm of the Plaintiff.

77. The Defendants JEFFREY J. OHARA and MICHAEL J. MILROY willfully subjected the Plaintiff to unlawful actions which resulted in the unfair restraint and arrest and detainment and or removal of the Plaintiffs personal and civil liberties, the Plaintiff was taken, and imprisoned, without his consent, one could simplify the verbiage by calling this "Kidnapping" which is a crime which "may be punishable by Death" by Title 18 U.S.C. 242. However the Plaintiff does not wish for Death to be the result of any conviction in this case if any, however the Plaintiff is merely stating the passion and importance of the natural intent of the legislature in these matters particularly.

### Count VII - Title 18, U.S.C., Section 249
### (DELEON VS JEFFREY J. OHARA and MICHAEL J. MILROY)

78. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 77 with the same force and effect as if fully set out in specific detail herein below.

79. The Defendants actions were unlawful and outside their jurisdiction while acting under their official duties resulting in bodily harm. Therefore, the Defendants should be subject to penalties under title 18 USC 249, and the Plaintiff should be entitled to any award/verdict deemed just by this court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff THOMAS DELEON respectfully requests the following relief:

(A) Compensatory damages, in an amount to be ascertained at trial, for the unlawful deprivation of civil rights and or other Constitutional rights, and intentional infliction of emotional distress committed upon Plaintiff THOMAS JOSEPH DELEON SR, complained of herein.

(B) Punitive damages from individual Defendants, in an amount to be ascertained at trial, for Defendants' deliberate indifference to THOMAS DELEON's constitutional rights.

(C) Attorneys' fees, costs, and expenses, pursuant to 42 U.S.C. § 1988. (D) Such other and further relief as this Court may deem just and proper.

(D) To Proceed In forma pauperis. Having filed with complaint the application (long form). *28 U.S.C. § 1915(a)(1); LCivR 3.4.*

(E) The conviction of the initial possession of marijuana charge and fines be reversed under the 5th and 14th amendment and double jeopardy, for Plaintiff plead guilty at the end due to trauma and emotional distress and fear rather than out of guilt. Plaintiff contends he was innocent of the crime and because his Guilty plea was made improper he cannot possibly re-make the same improper claim as has been previously decided in the federal and state courts, therefore warranting and demanding reversal and acquittal. Otherwise a new trial be granted and court appointed counsel provided as prescribed by federal and state laws of this state.

(F) that the Magistrate Michael Milroy, and Judge OHARA recuse or disqualify themselves from further proceedings involving the Plaintiff in this case and or that this Judge recuse or disqualify Magistrate Michael Milroy and Judge Jeffrey J. Ohara from future proceedings involving the Plaintiff. Magistrate Michael Milroy and Judge Jeffrey Ohara knew they had a responsibility to act responsibly while seated and or to disqualify themselves if they

thought they could not appropriately be seated or appropriately act while seated during the time in controversy and still due to this day.

(G) A Jury Trial be conducted in this case.

Respectfully Submitted,

DATE: 8-8-2022   BY: _Thomas DeLeon Sr_

THOMAS DELEON, IN PRO PER, PRO SE, PLAINTIFF

THOMAS DELEON
P.O. BOX 90022
WYOMING, MI 49509
(616)-309-3186
Email: Mynameissweett@gmail.com

**FROM:**

Thomas Aclean
P.O. Box 90022
Wyoming MI 49509



**USPS RETAIL GROUND®**

US POSTAGE PAID
$9.70
Origin: 49509
08/08/22
2539290500-2

2 Lb 7.20 Oz
1006

C040

SHIP TO:
110 MICHIGAN ST NW
GRAND RAPIDS MI 49503-2300



USPS TRACKING® #



9534 6105 9874 2220 8423 24



**TO:**

39
110
Gr