UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THOMAS JOSEPH DELEON SR.,

        Plaintiff,

v.

COUNTY OF KENT, MICHIGAN et al.,

        Defendants.
_____/

Case No. 1:22-cv-715

Honorable Paul L. Maloney

## OPINION

Plaintiff brings this civil rights action for violation of federal and state law. He has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 4.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to review and dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (clarifying that the district court must screen complaints of proceeding in forma pauperis under § 1915(e)(2) and dismiss those that fall under the requirements). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous and for failure to state a claim.

I.      **Factual Allegations**

Plaintiff's complaint, filed August 9, 2022, arises out of Plaintiff's criminal prosecution and treatment while incarcerated in the Kent County Correctional Facility from April 26, 2017, to

June 23, 2017. (Compl., ECF No. 1, PageID.2.) Plaintiff sues County of Kent, Michigan (Kent County), Judge Jeffrey J. Ohara, Magistrate Michael J. Milroy, and the Kent County Correctional Facility.

Plaintiff alleges that he was charged and arrested for Possession of Marijuana on February 20, 2017. (*Id.*, PageID.4.) Following arraignment, Plaintiff posted bond and was released from jail. (*Id.*) Plaintiff did not attend his pre-trial hearing. (*Id.*) Though informed that he must attend court to be "seen on his warrant," Plaintiff again chose not to attend. (*Id.*) On April 26, 2017, Plaintiff appeared for a contempt hearing via video conferencing technology. At that time, Plaintiff's oral request for an attorney was denied and Plaintiff was released on bond. (*Id.*) Plaintiff again failed to appear for court for his pre-trial hearing and was subsequently arrested. (*Id.*)

On June 13, 2017, Plaintiff was arraigned before Defendant Judge Jeffrey J. Ohara and pleaded not guilty. (*Id.*) Defendant Ohara denied Plaintiff's request for counsel and, when Plaintiff attempted to change his plea, refused to allow Plaintiff to do so immediately, setting Plaintiff's motion to withdraw his plea for a subsequent hearing. (*Id.*) On June 23, 2017, Plaintiff appeared before Magistrate Smolenski (not a party) and was released on bond. (*Id.*)

Plaintiff does not include any factual allegations against Defendant Magistrate Michael J. Milroy but alleges in a conclusory fashion that Defendant Milroy kept "Plaintiff separate from his civil liberties like taking medication for a Fatal Condition." (*Id.*, PageID. 6.) He also claims that Defendant County of Kent maintained several unconstitutional customs, policies, and practices of failing to train, supervise and discipline officers, deputies, magistrates, and judges regarding the provision of medication, appointment of counsel, medical screening, inmate use of the law library, "Public Notary," free phone calls and the mail system, and general threats posed to inmate safety.

2

(*Id*., PageID.10–11.) Finally, Plaintiff mentions that the conduct of Defendants "constitutes Discrimination as denied under the Elliott-Larsen Act." (*Id*., PageID.12.)

Plaintiff brings several claims against Defendants, including claims for violations the United States and Michigan Constitutions, (*id*., PageID.2, 5, 7, 9), the Michigan Elliott-Larsen Civil Rights Act, (*id*., PageID.12), and 18 U.S.C. §§ 242 and 249, (*id*., PageID.14, 15). Plaintiff also includes a claim for state common law tort of intentional infliction of emotional distress. (*Id*., PageID.13.) In addition to seeking damages and declaratory and injunctive relief, Plaintiff asks this Court to "reverse[]" his criminal conviction in connection with Plaintiff's 5th and 14th Amendment claims. (*Id*., PageID.16.)

## II. Legal Standards

### A. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of cases on initial review under 28 U.S.C. § 1915(e)(2)(B)).

**B.     Frivolous**

A claim may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327.

A claim may also be dismissed as frivolous where it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000).

### III. Discussion

#### A. Federal Claims

##### 1. 18 U.S.C. §§ 242 and 249

Plaintiff purports to bring claims against Defendants under 18 U.S.C. §§ 242 and 249. Plaintiff does not provide a factual basis from which the Court could infer a violation of these statutes, but even if he did, Plaintiff would have no cause of action to sue for a violation. As the Sixth Circuit has explained:

> We do not casually, or for that matter routinely, imply private rights of action in favor of the victims of violations of criminal laws. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). Quite the opposite is true, as all of the following cases confirm. *See, e.g.*, *Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc.*, 552 U.S. 148, 165–66 (2008); *Central Bank of Denver*, 511 U.S. at 190–91; *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979); *Cort v. Ash*, 422 U.S. 66, 80 (1975).

*Ohlendorf v. United Food & Commercial Workers Int'l Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018). "This Court has long held that individuals cannot claim monetary damages arising from alleged violations of 18 U.S.C. §§ 241 and 242." *Weathers v. Holland Police Dep't*, No. 1:13-cv-1349, 2015 WL 357058 at *2 (W.D. Mich. Jan. 27, 2015) (citing *Horn v. Peck*, 130 F.Supp. 536 (W.D. Mich. 1955)); *see United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) ("[T]he district court properly dismissed [the plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [the plaintiff] has no private right of action under either of these criminal statutes."). Similarly, the Hate Crimes Prevention Act, 18 U.S.C. § 249, does not authorize a private right of action. *Everage v. Central Broad. Sys. Corp., Inc.*, No. 7:18-102, 2019 WL 1063367, at *2 (E.D. Ky. Mar. 6, 2019) (collecting cases). *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).

5

Accordingly. the Court will dismiss Counts VI and VII for alleged violation of federal criminal law.

### 2. 42 U.S.C. § 1983

Plaintiff brings his remaining federal claims under 42 U.S.C. § 1983, explicitly stating that his claims arise from events between April 26, 2017, and June 23, 2017. In taking Plaintiff's factual allegations as true, the Court concludes that Plaintiff's civil claims are barred in their entirety, either by the three-year statute of limitations or by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

State statutes of limitations and tolling principles apply to determine the timeliness of claims raised in lawsuits brought pursuant to Section 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). As Plaintiff was previously instructed in *DeLeon v. City of Grandville, Michigan*, No. 1:22-CV-429, 2022 WL 9814074, at *2 (W.D. Mich. May 19, 2022), *report and recommendation adopted sub nom. DeLeon v. City of Grandville,* No. 1:22-CV-429, 2022 WL 7945022 (W.D. Mich. Oct. 14, 2022), Section 1983 civil rights actions are governed by the state statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For such actions in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam).

Accrual of the claims for relief is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). "The 'standard rule' is that a cause of action accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (quoting *Wallace v. Kato,* 549 U.S. 384, 388 (2007)). However, "[u]nder *Heck,* "a cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to

run until such an event occurs, if ever." *Id.* (quoting *Wolfe v. Perry,* 412 F.3d 707, 714 (6th Cir. 2005)).

As set forth in his complaint, Plaintiff's claims are based upon events which occurred from April 26, 2017, to June 23, 2017. (ECF No. 1, PageID.2.) However, Plaintiff did not file his complaint until August 9, 2022, over five years later. Plaintiff's factual allegations—scant as they may be—demonstrate that, with the exception of any claim seeking to invalidate Plaintiff's criminal conviction, Plaintiff knew or had reason to know of the event and associated injuries giving rise to his claims at the time of the events alleged.

Judges in this district and the Eastern District of Michigan have recognized and applied the Michigan Supreme Court's COVID-19-related orders tolling Michigan statutes of limitations for a period of approximately 101 days, *DeLeon*, 2022 WL 9814074, at *2 (collecting cases). However, even giving Plaintiff the benefit of this additional 100-day period, Plaintiff's complaint as to all claims other than those seeking to invalidate his criminal conviction was still untimely by over two years.

Plaintiff's claims seeking to invalidate his criminal conviction, while not barred by the three-year statute of limitations, are barred by *Heck*, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive

7

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646–48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

In asking that this Court "reverse[]" his criminal conviction (ECF No. 1, PageID.16), Plaintiff acknowledges that his conviction has not been invalidated. Accordingly, the Court will dismiss Plaintiff's federal civil claims in their entirety, whether barred by *Heck* or the three-year the statute of limitations.

    **B.**    **State Law Claims**

In dismissing Plaintiff's federal claims, the Court will decline supplemental jurisdiction and dismiss Plaintiff's state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state

court if the action was removed." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) (citing *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, the Court finds that all relevant considerations point toward dismissing Plaintiff's state law claims without prejudice so that Plaintiff may properly pursue his remaining claims in state court.

## Conclusion

Having conducted the review required by 28 U.S.C. § 1915(e)(2)(B), the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim and as frivolous, under 28 U.S.C. §§ 1915(e)(2). Plaintiff's state law claims will be dismissed without prejudice to Plaintiff's ability to bring those claims in the state courts.

A judgment consistent with this opinion will be entered.

Dated:   November 15, 2022              /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge